# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO SAUCEDO PEREZ, | Case No. 8:19-cv-00265-FMO-SHK |
| Plaintiff, | |
| v. | ORDER DISMISSING CASE |
| CITY OF SANTA ANA, | |
| Defendant. | |

## I. BACKGROUND

On February 11, 2019, Plaintiff Roberto Saucedo Perez ("Plaintiff") filed a Complaint under 42 U.S.C. § 1983 against the City of Santa Ana. Electronic Case Filing Number ("ECF No.") 1, Complaint. On May 14, 2019—two days after his 90-day deadline to serve the Complaint under Federal Rule of Civil Procedure 4(m)—Plaintiff filed a Request for Extension ("Request") of time to serve the Summons and Complaint and to file a First Amended Complaint ("FAC"). ECF No. 5, Request. Plaintiff stated that the extension was necessary because of "Plaintiff's inability to ascertain the identities of more than (10) 'Jon Doe' officers involved in this civil rights action." Id. Plaintiff requested an additional ninety days to serve and file these documents. Id.

///

On May 21, 2019, the Court denied Plaintiff's request for an extension to file his original Complaint because Plaintiff sought to amend his Complaint. ECF No. 6, Order Denying Request. Instead, the Court allowed Plaintiff an additional thirty days—until June 19, 2019—to "(1) file his FAC with the Court and (2) complete a Summons AO-440 Form for his FAC and follow the process for issuance and service of the Summons and FAC on all named Defendants as set forth in the Federal Rules of Civil Procedure." Id. (citing Fed. R. Civ. P. 4(a)-4(c)). The Court warned Plaintiff, however, that if he "fail[ed] to timely file or serve the FAC, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with the Court's orders." Id.

Plaintiff failed to timely file his FAC or complete a Summons AO-440 Form. Therefore, one week after Plaintiff's deadline had passed—on June 26, 2019—the Court ordered Plaintiff to show cause ("OSC"), by July 10, 2019, why the case should not be dismissed for failure to prosecute or follow Court orders. ECF No. 7, OSC. Plaintiff was ordered to either:

> (a) advise the Court that he does not desire to pursue this action; (b) if Plaintiff does desire to pursue this action, show good cause in writing, if any exists, why Plaintiff has not timely filed his FAC and Summons and why the Court should not recommend that this action be dismissed for failure to prosecute and comply with the Court's prior order; or (c) file a FAC and Summons.

Id. Plaintiff was further warned that if he failed to do any of the above-provided options, "the Court **will** deem such failure a further violation of a Court order and further evidence of a lack of prosecution on Plaintiff's part, which **will** result in the dismissal of the case under Federal Rule of Civil Procedure 41(b) and Local Rule 41-1." Id. (emphasis added).

To date—nearly seven months past the provided deadline—Plaintiff has failed to file a FAC or a Summons AO-440 Form as ordered, despite repeated

warnings that failure to do so would subject this case to dismissal for failure to prosecute and follow Court orders.

## II. DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (stating standard applied in dismissal for failure to prosecute) abrogated on other grounds; Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the first two factors—public interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal. Plaintiff has failed to respond to Court orders and it has been nearly seven months since Plaintiff's last filing deadline expired. This failure to prosecute and to follow court orders hinders the Court's ability to move this case toward disposition and suggests that Plaintiff does not intend to litigate this action diligently. See Omstead, 594 F.3d at 1084.

The third factor—prejudice to Defendant—does not weigh in favor of dismissal because Defendant has not yet been served in this case. Nevertheless,

the other factors combine to weigh in favor of dismissal. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("'[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant.'" (citation omitted)).

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See ECF Nos. 6, 7. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents or otherwise cooperate in prosecuting this action. Specifically, Plaintiff has not filed any papers in this case for nearly seven months, including his response to the Court's OSC.

Accordingly, because: (1) four out of the five Omstead factors weigh in favor of dismissal; (2) it appears that Plaintiff has abandoned this litigation; and (3) Plaintiff has defied multiple Court orders, the Court DISMISSES this case, without prejudice.

### III. ORDER

Based on the foregoing, IT IS ORDERED THAT judgment be entered **DISMISSING** the action without prejudice.

Dated: February 13, 2020

                                                          /s/
                                HONORABLE FERNANDO M. OLGUIN
                                United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge